**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Danielle Buonagurio**, <br><br>    Plaintiff, <br><br> v. <br><br> **Blasian Executive Secured Transport, Inc.**, an Arizona Corporation; and **Robert Yancy and Jane Doe Yancy**, a Married Couple, **Jan Yancy and John Doe Yancy,** a married couple, and **J.C. Yancy and Jane Doe Yancy II,** a married couple, <br><br>    Defendant. | No. _____ <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Danielle Buonagurio ("Plaintiff"), sues the Defendants, Blasian Executive Secured Transport, Inc, ("Blasian Limousine"), Robert Yancy and Jane Doe Yancy, Jan Yancy and John Doe Yancy, and J.C Yancy and Jane Doe Yancy II (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

-1-

seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. <u>See</u> 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. <u>See</u> 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.  At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.  At all material times, Defendant Blasian Limousine was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Blasian Limousine does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.  Defendant Blasian Limousine is an Arizona corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Blasian Limousine is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Blasian Limousine had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Blasian Limousine is subject to liability under the FLSA.

11. Defendants Robert Yancy and Jane Doe Yancy are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Robert Yancy and Jane Doe Yancy are owners of Defendant Blasian Limousine and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Robert Yancy and Jane Doe Yancy are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Robert Yancy and Jane Doe Yancy are owners of Defendant Blasian Limousine. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Robert Yancy and Jane Doe Yancy are subject to individual liability under the FLSA.

13. Defendants Jan Yancy and John Doe Yancy are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Jan Yancy and John Doe Yancy are owners of Defendant Blasian Limousine and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Jan Yancy and John Doe Yancy are employers. The FLSA defines "employer" as any individual who acts directly or

-4-

indirectly in the interest of an employer in relation to an employee. Jan Yancy and John Doe Yancy are owners of Defendant Blasian Limousine. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Jan Yancy and John Doe Yancy are subject to individual liability under the FLSA.

15. Defendants JC Yancy and Jane Doe Yancy II are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. J.C. Yancy and Jane Doe Yancy II are owners of Defendant Blasian Limousine and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants J.C. Yancy and Jane Doe Yancy II are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. J.C. Yancy and Jane Doe Yancy II are owners of Defendant Blasian Limousine. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, J.C. Yancy and Jane Doe Yancy II are subject to individual liability under the FLSA.

17. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18. Defendants, and each of them, are sued in both their individual and corporate capacities.

19. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the Arizona A.R.S. § 23-350, et seq.

25. At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350.

26. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

27. At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

28. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

31. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

32. Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

### NATURE OF THE CLAIM

33. Defendants own and/or operate as Defendant Blasian Limousine, an enterprise located in Maricopa County, Arizona.

34. Plaintiff was hired by Defendants to work as a dispatcher on or around January 1, 2022 and worked a single day for Defendants, approximately 3 hours.

35. Defendants, in their sole discretion, agreed to pay Plaintiff $17 per hour for all hours she worked.

36. On her second day of employment, Plaintiff's had vehicle trouble and called Defendants to let them know. Defendants responded by stating that they would start over the following day.

37. A short time after Plaintiff made this phone call, Defendants called Plaintiff back and terminated her employment with them.

38. Thereafter, Defendants failed to compensate Plaintiff any wage whatsoever for the hours she spent working for them.

39. As a result of Defendants' having improperly failed to compensate Plaintiff any wage whatsoever for the hours Plaintiff worked for Defendant, Defendants failed to pay the applicable minimum wage to Plaintiff.

40. As a result of not having paid any wage whatsoever to Plaintiff for the hours she worked for Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

41. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

42. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

43. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

44. Plaintiff was a non-exempt employee.

45. Plaintiff is a covered employee within the meaning of the FLSA.

46. Plaintiff is a covered employee within the meaning of the AMWA.

47. Plaintiff is a covered employee within the meaning of the AWA.

48. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

49.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

50.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

51.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

52.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

53.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54.     As a result of not paying Plaintiff any wage whatsoever for any of the hours she spent working for Defendants, Defendants willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

55. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

56. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Danielle Buonagurio, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

-10-

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. As a result of not paying Plaintiff any wage whatsoever for the hours she spent working for Defendants, Defendant failed or refused to pay Plaintiff the Arizona minimum wage.

59. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

60. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Danielle Buonagurio, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT
FAILURE TO PAY WAGES OWED**

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

63. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

64. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

65. Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Danielle Buonagurio, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

-12-

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th Day of June, 2022.

          BENDAU & BENDAU PLLC

          By: /s/ *Clifford P. Bendau, II*
          Clifford P. Bendau, II
          Christopher J. Bendau
          *Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Danielle Buonagurio, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

_____
Danielle Buonagurio